UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBENIR PACHECO,

      Plaintiff,

v.                     Case No: 2:16-cv-863-FtM-99MRM

CHARLOTTE  COUNTY  JAIL,
CORIZON HEALTH CARE, and TIM
GRABOWSKI, PA-C,

      Defendants.

_____

## OPINION AND ORDER

Plaintiff, an inmate at the Charlotte County Jail in Punta Gorda, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Charlotte County Jail, Corizon Health Care, and Tim Grabowski (Doc. 1, filed December 6, 2016). Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). For the reasons set forth in this Order, the claims raised in the complaint are dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Should the facts support a constitutional cause of action, Plaintiff may file an amended complaint.

## I.   **Complaint**

Plaintiff alleges the following:   He has been incarcerated at the Charlotte County Jail since September 3, 2016 (Doc. 1 at 6).   Plaintiff is supposed to receive twenty units of insulin in the morning and ten units of insulin at night. Id.   However, on two separate occasions, these amounts were switched, causing Plaintiff to experience an insulin overdose. Id.   The first overdose resulted in Plaintiff's hospitalization, and the second overdose was treated at the jail. Id.   Plaintiff asserts that the overdoses happened because the insulin was not administered according to protocol and because nobody authenticates insulin dosage at the Charlotte County Jail. Id. at 7.

Plaintiff asserts that he routinely fears for his safety at the jail (Doc. 1 at 7).   He asks this Court to order the defendants to "utilize cross coverage on administration of insulin," and he also seeks compensatory and punitive damages. Id. at 8.

## II.   **Legal Standards**

A federal district court is required to review a civil complaint filed in forma pauperis and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.   The mandatory language

of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.

Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A)  the allegation of poverty is untrue; or
> >
> > (B)  the action or appeal-
> >
> > > (i)      is frivolous or malicious;
> > >
> > > (ii)     fails to state a claim on which relief may be granted; or
> > >
> > > (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.  To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

Liberally construing this complaint, Plaintiff appears to raise negligence and deliberate indifference claims against the defendants due to their carelessness in administering his insulin.

### a. The Charlotte County Jail is dismissed from this action with prejudice

In order to bring a viable § 1983 action, the defendant must be an entity subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  A correctional facility or jail is not a proper defendant in a case brought under 42 U.S.C. § 1983.  The jail is not an actionable legal entity because it does not enjoy

a separate legal existence independent of the County or the Sheriff's Office. Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979). The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. Dean, 951 F.2d at 1214.

Florida law does not recognize a jail facility as a legal entity separate from the Sheriff charged with its operation and control. See generally Chapter 30, Florida Statues. Thus, the Charlotte County Jail must be dismissed with prejudice as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); Barber, 951 F.2d at 1214 (noting that sheriff's departments and police departments are not legal entities subject to suit under § 1983); De La Garza v. Kandiyohi County Jail, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming dismissal of county jail for failure to state a claim because the jail is not an entity that can be sued for purposes of a § 1983 action) (citing Marsden and Barber).

### b. Plaintiff has not stated a claim for respondeat superior liability against Defendant Corizon Health Care

Plaintiff makes no specific allegations against Defendant Corizon Health Care ("Defendant Corizon") in the body of his complaint. He states only that the Charlotte County Jail has a contract with Defendant Corizon to provide healthcare to the inmates (Doc. 1 at 6). To the extent Plaintiff urges that

Defendant Corizon is liable under § 1983 for the negligence or deliberate indifference of its employees, he does not state a claim. Supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior. See Kruger v. Jenne, 164 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that [the supervisor] who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n. 58 (1978). Instead, a corporation providing prison medical services is liable under § 1983 only if it is established that the constitutional violation was the result of the corporation's policy or custom. See Buckner v. Toro, 116 F.3d 450 (11th Cir. 1997). A single incident alleged in a complaint, especially when it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy that resulted in a constitutional violation and will not state a claim. See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (overruled on other grounds) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)). Plaintiff does not allege that Defendant Corizon has a policy or custom of failing to ensure that inmates are provided the correct insulin dosage. In fact, he appears to assert that the Charlotte County

Jail's failure to double-check the dosages in his case was "contrary to protocol." (Doc. 1 at 7).

Because they are based solely upon a theory of respondeat superior, and because Plaintiff does not allege a sufficient causal connection between Defendant Corizon and the insulin overdoses, Plaintiff's claims against Defendant Corizon Health Care are due to be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. **Plaintiff's negligence claim is not properly brought under 42 U.S.C. § 1983**

The gravamen of Plaintiff's complaint is that Defendant Tim Grabowski negligently failed to ensure that Plaintiff received the correct insulin dosage at the correct time, resulting in two insulin overdoses.  However, § 1983 cannot be used as a tool to bring a generalized negligence-based tort suit in federal court. Instead, it remedies errors of constitutional dimension.  In order to state an Eighth Amendment prison-conditions suit relating to the overdoses, Plaintiff would have to show that the defendants in charge of his insulin were deliberately indifferent to "an excessive risk to inmate health or safety[.]" Farmer v. Brennan, 511 U.S. 825, 834, (1994).  A constitutional violation of the type most analogous to Plaintiff's claim would require considerably more than the mere negligence alleged here. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that the

subjective component of the deliberate indifference test requires more than even gross negligence).  Instead, Plaintiff must show that the defendant knew of, yet disregarded an excessive risk to his health or safety. Farmer, 511 U.S. at 837.

Likewise, not every claim by a prisoner that he received inadequate or faulty medical treatment states a violation of the Eight Amendment.[1] Estelle v. Gamble, 429 U.S. 97, 105 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can

---

[1] It is unclear from the pleadings whether Plaintiff was a prisoner or a pre-trial detainee at the Charlotte County Jail at the time of the incident about which he complains.  If Plaintiff was a pre-trial detainee, his constitutional claims sound properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. See Lancaster v. Monroe County, Alabama, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997), abrogated on other grounds by Lake v. Skelton, 840 F.3d 1334 (11th Cir. 2016). Nevertheless, allegations of cruel and unusual punishment are analyzed in identical fashions regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause of the United States Constitution. Taylor v. Adams, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000).

offend 'evolving standards of decency' in violation of the Eighth Amendment." <u>Id.</u>

Here, Plaintiff has not alleged any facts indicating that Defendant Grabowski knew that the lack of "authenticated dosages" at the Charlotte County Jail would result in the switching of Plaintiff's morning and evening insulin dosage and the resulting overdoses, yet callously and deliberately chose to disregard that risk.  Consequently, Plaintiff's negligence-based claims against the defendants for failing to ensure the correct insulin dosage fails as a matter of law. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983); <u>Taylor v. Adams</u>, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

Accordingly, Plaintiff's negligence claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  However, should the facts support a constitutional deliberate indifference claim, Plaintiff may file an amended complaint against Defendant Grabowski.

### III. Conclusion

Plaintiff's 42 U.S.C. § 1983 complaint fails to state a claim on which relief can be granted.  Plaintiff has not stated a claim for respondeat superior liability.  In addition, § 1983 cannot be

used to bring a generalized negligence-based tort suit in federal court.  Accordingly, it is now **ORDERED:**

1.   Plaintiff's claims against the Charlotte County Jail are dismissed with prejudice because this defendant may not be sued under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff's remaining claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   Should the facts support a constitutional cause of action, Plaintiff may file an amended complaint against Defendant Grabowski within **TWENTY-ONE (21) DAYS** from the date on this Order. If Plaintiff does not file an amended complaint within the allotted time, a separate order will issue closing this file.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___27th___ day of December, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Albenir Pacheco
Counsel of Record